UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NANCY GRULKE,
    Plaintiff,
-vs.-                                    **DEMAND FOR JURY TRIAL**

CREDIT CONTROL, LLC,
A Missouri corporation,
    Defendant.
_____/
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/

## COMPLAINT & JURY DEMAND

Plaintiff, Nancy Grulke, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

1

## JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in the Hawks, Presque Isle County, Michigan. Ms. Grulke is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is Credit Control, LLC, which maintains a registered agent in Bingham Farms, Oakland County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Presque Isle County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Northern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Kohl's Department Stores, Inc. in the amount of $180.88.

9. Ms. Grulke never made any type of payment on the credit card, which is the subject of this alleged debt. She opened it in 2001, incurred the alleged charges in 2001, and never made any payment on it.

10. On or about May 28, 2015, Ms. Grulke received a letter from Defendant which stated, "We understand this bill has been delinquent for quite a while, this matter will not go away on its own but our client has given us the authority to make a very generous offer to you." Defendant then offered to settle the account for 50% of the balance due.

11. Defendant's offer to settle the unenforceable debt implies that the alleged debt is in fact enforceable which violates the FDCPA.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates the preceding allegations by reference.

13. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

14. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

15. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

16. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e by using any false, deceptive, or misleading representations or means in connection with the collection of any debt. Defendant did this when it offered to settle the alleged debt that is unenforceable.

3

    b. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt.

    c. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law as the debt is out of statute.

17. Ms. Grulke has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

18. Plaintiff incorporates the preceding allegations by reference.

19. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

20. Ms. Grulke is a debtor as that term is defined in M.C.L. § 339.901(f).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant did this when it offered to settle an out of statute debt.

    b. MCL §339.915(f)(ii) by misrepresenting the legal rights of the debtor.

    c. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

22. Ms. Grulke has suffered damages as a result of these violations of the Michigan Occupational Code.

23. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

24. Plaintiff incorporates the preceding allegations by reference.

25. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

26. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

27. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant did this when it offered to settle an out of statute debt.

    b. MCL §445.252 (f)(ii) by misrepresenting the legal rights of the debtor.

    c. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

28. Ms. Grulke has suffered damages as a result of these violations of the MCPA.

29. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

          Respectfully submitted,

          _____

July 10, 2015       GARY D. NITZKIN P41155
          TRAVIS SHACKELFORD P68710
          MICHIGAN CONSUMER CREDIT LAWYERS
          Attorneys for Plaintiff
          22142 West Nine Mile Road
          Southfield, MI 48033
          (248) 353-2882
          Fax (248) 353-4840
          Email – gary@micreditlawyer.com